## CIRCUIT COURT OF HENRICO COUNTY

Joann Clark

    v.

Haynes Furniture Co., Inc.,
t/a Sydnor and Hundley

    v.

Clinton Craighead, Jr., Individually,
and t/a Craig's Carpet Service

November 21, 1983

Case No. 80-L-95

By JUDGE L. PAUL BYRNE

This action was commenced when the plaintiff filed her motion for judgment alleging that she had purchased certain carpeting from the defendant, that such carpeting was installed in a negligent manner and that she was caused to trip and fall with a resultant personal injury.

In addition to its grounds of defense, the defendant Haynes filed a third-party motion for judgment against Craighead. In its third-party motion for judgment, Haynes alleged that the carpet in question was installed by Craighead pursuant to contract with Haynes. In its prayer for relief, Haynes sought indemnity or, alternatively, contribution.

Craighead filed no grounds of defense or other pleadings in response to Haynes third-party motion for judgment.

Some nine months after service of process was effected on Craighead, the plaintiff and the defendant entered into a compromise settlement of the plaintiff's claim for the sum of $5,500.00. Thereafter, Haynes filed its motion for default judgment against Craighead and at the same time filed with the Court a certificate evidencing its mailing of a copy of such motion to Craighead. In response to that notice, Craighead made his first appearance which contests the right of Haynes to recover of him for the settlement it made with the plaintiff.

The Court has now considered the arguments of counsel as well as the several memoranda of law filed on behalf of the parties. The sole issue before the Court is whether or not a defendant who settles with a plaintiff may thereafter recover the amount of such settlement over against a third-party defendant who is in default. No issue has been raised with respect to the reasonableness of the settlement.

Briefly stated, the contention of Craighead appears to be that no such recovery can be had in the absence of a judgment in favor of the plaintiff and against the defendant. Stated another way, Craighead asserts that Haynes's settlement of the plaintiff's claim constitutes such a variance between the allegations of the third-party motion for judgment and the action proof that Craighead's default with respect to the third-party motion for judgment is of no consequence.

The Court has maturely considered the authorities and arguments contained in the memoranda filed by the respective parties and finds itself unpersuaded by Craighead's logic. The third-party motion for judgment gave Craighead ample notice of the nature of Haynes's claim over against him. Craighead defaulted as to such third-party motion for judgment. The fact that Haynes chose to settle with the plaintiff on what the Court must assume was a reasonable basis rather than permit the plaintiff's claim to go to judgment should not be determinative of the effects of Craighead's default.

Accordingly, judgment in favor of the defendant Haynes against the third-party defendant Craighead will be entered upon presentation of an appropriately endorsed sketch for Order.